NEW ORLEANS, ETC., R. CO. (BILLS v.). See Case No. 1,409.

NEW ORLEANS, ETC., R. CO. (ELLERMAN v.). See Case No. 4,382.

NEW · ORLEANS GASLIGHT CO. (KILGOUR v.). See Case No. 7,764.

## Case No. 10,183a.

### NEW ORLEANS, M. & C. R. CO. v. NEW ORLEANS.

[See 14 Fed. 373.]

NEW ORLEANS, M. & T. R. CO. (AMES v.). See Case No. 329.

NEW ORLEANS, M. & T. R. CO. (MORGAN v.). See Case No. 9,804.

NEW ORLEANS, M. & T. R. CO. (SOUTHERN & A. TEL. CO. v.). See Case No. 13,185.

NEW ORLEANS MUT. INS. ASS'N (LEVI v.). See Case No. 8,290.

## Case No. 10,184.

### NEW ORLEANS NAT. BANKING ASS'N v. ADAMS et al.

[3 Woods, 21; 2 Nat. Bank Cas. (Browne) 207.][1]

Circuit Court, D. Louisiana. Nov. Term, 1876.

ERASURE OF MORTGAGE IN LOUISIANA — RULE — RES JUDICATA — JURISDICTION OF FEDERAL COURTS—NATIONAL BANK CASES — ACT FEB. 18, 1875.

1. The act of congress of February 18. 1875 (18 Stat. 320), which is incorporated in section 5198, Rev. St., does not confer exclusive jurisdiction upon the courts of the United States to try the actions therein referred to.

[Cited in Continental Nat. Bank v. Folsom (Ga.) 3 S. E. 272.]

2. Under the jurisprudence of Louisiana the proceeding to cause the erasure of a mortgage is properly instituted in the proper court of the parish wherein the mortgaged premises lie.

3. By the same jurisprudence, a mortgage may be erased in a proceeding by rule.

4. To maintain the plea of res judicata, the judgment must be final; if it is open to appeal, the plea will not hold.

In equity. Heard on bill, plea, replication and testimony.

The bill recited that, on or about February 24th, 1860, the said Bank of New Orleans became the holder and owner of certain promissory notes for the sum of $5,000, made by Robert Tucker and others, payable to the order of Robert Tucker, and by him indorsed; that said notes were secured by mortgage of the same date, which was recorded in the mortgage office of the parish of Lafourche, where the mortgaged property was situate, on the 24th of February, 1860; that on September 4, 1866, the bank brought suit on said

---

[1] [Reported by Hon. William B. Woods. Circuit Judge, and here reprinted by permission. 2 Nat. Bank Cas. (Browne) 207, contains only a partial report.]

note against Tucker, the maker, praying for judgment against him, and for a sale of the mortgaged property. In June, 1866, the district·court of the parish of Lafourche rendered judgment in recognition of said bank's right of mortgage for the full amount of said notes; and a writ of fieri facias was issued and the property seized and sold, and adjudicated to one Albert N. Cummings, for the price of about $13,000. On September 7, 1867, Cummings being unable to comply with his bid, in cash, it was agreed between him, Tucker, and the Bank of New Orleans, they then being the sole parties interested, that Cummings should be allowed a certain time to pay the said price on the following terms: That he should pay to one Gaubert the sum of ·$1,851, in satisfaction of a judgment he held against Tucker, which was secured by mortgage and vendors' lien on a part of the mortgaged premises; that he should pay one Barnsley $9,400, and the residue, $6,269.50, to the said Bank of New Orleans. It was further agreed that the claims of Barnsley and the Bank of New Orleans were to be secured by mortgage upon the whole of said tract of land, and that the claims of Gaubert and others were entitled to a mortgage preference on the lower three arpents. It was also agreed that the original mortgage and privilege securing said notes and claims of the Bank of New Orleans and Barnsley, as aforesaid recorded in the mortgage office on February 24, 1860, should remain in full force and effect, and the present privileges and mortgages were declared to exist and were recognized by said agreement as operating against said property. All this was done by authentic act duly recorded in the office of the recorder of mortgages for the parish of Lafourche on September 12, 1867. Gaubert's debt had been paid, and the claims of the present complainants and Barnsley were secured under the registry of that agreement. The bill further alleged that the defendants [John I. Adams, Jay L. Adams, William H. Regnaud, and others] claimed a mortgage privilege in preference to complainant, and he prayed that his mortgage claim be recognized as having a priority over all the claims of the defendants, and for a sale under said agreement, treating it as a mortgage.

To this bill a plea was filed by the defendants, wherein they recited that, on July 20, 1875, they being the holders of certain promissory notes secured by mortgage upon the property described in the complainants' bill of complaint, instituted a certain suit or action against Thomas J. Daunis in a court of competent jurisdiction, and obtained from the said court a writ of seizure and sale against said property, to which they were entitled under the laws of Louisiana; that the said writ was issued to the sheriff of the parish of Lafourche, in pursuance of which he proceeded to sell, after all the legal requirements were complied with, and the property was adjudicated to John I. Adams, who was the